## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| HONG GUO, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) No. 1:04-cv-2006-LJM-WTL |
| | ) |
| CITIBANK GLOBAL MARKETS, INC., | ) |
| | ) |
| Defendant. | ) |

### Entry Denying Petition to Vacate Arbitration Award and
### Granting Petition to Confirm Arbitration Award

Before the court is Ms. Hong Guo's ("Guo") petition to vacate the award entered in the matter of *Hong Guo v. Citigroup Global Markets Inc., f/k/a Salomon Smith Barney, Inc.*, National Association of Securities Dealers, Inc. ("NASD"), Case No. 05-04329 ("Arbitration Award") pursuant to 9 U.S.C. § 10, and Citigroup Global Markets Inc.'s, f/k/a Salomon Smith Barney, Inc. ("CGMI"), cross-petition to confirm the Arbitration Award pursuant to 9 U.S.C. § 9. For the reasons explained below, Guo's petition to vacate is **denied**, and CGMI's cross-petition to confirm the Arbitration Award is **granted**.

**I.     Sections 9 and 10 of the Federal Arbitration Act**

The grounds for challenging an arbitration award under Section 10 of the Federal Arbitration Act ("FAA") are limited, "reflecting the voluntary contractual nature of commercial arbitration. Within exceedingly broad limits, the parties to an arbitration agreement choose their method of dispute resolution and are bound by it however bad their choice appears to be either ex ante or ex post." *IDS Life Ins. Co. v. Royal Alliance Associates, Inc.*, 266 F.3d 645, 649 (7th Cir. 2001). A district court's review of an arbitration award is limited to the following questions: 1) whether the award was procured by corruption, fraud, or undue means; 2) whether there was evident partiality or corruption in the arbitrators, or either of them; 3) whether the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or 4) whether the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made. 9 U.S.C. § 10.

Unlike petitions to vacate arbitration awards, petitions to confirm an arbitration award pursuant to 9 U.S.C. § 9 are "usually routine or summary. With few exceptions, as long as the arbitrator does not exceed [her] delegated authority, her award will be enforced. This is so even if the arbitrator's award contains a serious error of law or fact." *Hasbro, Inc. v. Catalyst USA, Inc.*, 367 F.3d 689, 691-692 (7th Cir. 2004) (internal citations and quotations omitted).

## II. Factual and Procedural Background

On January 30, 2004, Indianapolis branch manager Joesph Scott terminated Guo from her position as a financial consultant at CGMI. On February 24, 2004, Guo filed a Charge of Discrimination with the Equal Employment Opportunities Commission ("EEOC"). On September 22, 2004, the EEOC dismissed Guo's Charge of Discrimination and issued her a Notice of Right to Sue Letter.

On December 9, 2004, Guo commenced this lawsuit alleging that her former employer, CGMI, discriminated against her on the basis of her race (Asian), national origin (Chinese), gender (female) and age (over forty years old) and retaliated against her because she opposed unlawful employment discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, and the Age Discrimination in Employment Act.

On February 9, 2005, CGMI filed a motion to compel arbitration. On May 16, 2005, this court held that Guo had executed a valid arbitration agreement requiring her to arbitrate this dispute with her employer and accordingly granted CGMI's motion to compel arbitration and stayed all proceedings in this action pending the outcome of the arbitration.

On or about September 26, 2005, Guo and CGMI submitted to the NASD a written agreement for arbitration (the "Submission Agreement"). On this same date, Guo commenced arbitration in Indiana by filing a Statement of Claim with the NASD against CGMI.

On November 11, 2005, CGMI submitted its Answer and Affirmative Defenses to the Statement of Claim, by denying all allegations and claims against it and asserting numerous affirmative defenses.

On January 30, 2006, the NASD appointed a three-arbitrator panel to hear the matter, consisting of Peter Ordower, Gary Price, Richard Berman, Chair (the "Panel"). The matter was heard before the Panel over the course of four days in 2006, specifically October 4, 5, and 6; and November 3.

On March 7, 2007, the Panel issued an Award denying Guo's claims in their entirety.

On March 26, 2007, Guo filed a petition to vacate the NASD arbitration award in this court. On May 1, 2007, CGMI filed its response to Guo's petition and a cross-petition to confirm the arbitration award. Both Guo's petition to vacate, and CGMI's petition to confirm the arbitration award have been fully briefed.

## III. Discussion

### A. Motion to Strike

On June 28, 2007, CGMI filed a motion to strike Guo's surreply brief. Although Guo's surreply does not comply with Local Rule 7.1 it shall not be stricken because it adds to the court's understanding of this case and does not alter the outcome which is required. Accordingly, this motion is **denied.**

**B.     Petition to Vacate Arbitration Award**

Guo petitions the court to vacate the arbitration award on the basis that 1) the Award was procured by fraud, 2) the Panel demonstrated evident partiality in favor of CGMI, and 3) the arbitrators refused to hear pertinent evidence. Because these claims lack merit, the arbitration award shall not be set aside pursuant to 9 U.S.C. § 10.

*1.     There is No Evidence that the Award was Procured by Fraud*

Guo asserts that the award was procured by fraud because the trial record shows that Guo was discriminated and retaliated against, and that CGMI's management failed to implement federal civil rights laws and CGMI's policy regarding Guo's formal complaint of discrimination and retaliation. Although Guo believes that the record shows that she was discriminated and retaliated against, thus deserving an Award in her favor this disagreement with the Panel regarding the merits of her claims is not evidence of fraud. When the parties agree to have their disputes settled by an arbitrator, they also agree to accept the arbitrator's view of the facts. *See United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 37-38 (1987) ("Courts thus do not sit to hear claims of factual or legal error by an arbitrator as an appellate court does in reviewing decisions of lower courts."). The court's "scope of review does not permit [it] to disturb the arbitrator's findings as to the relative credibilities of each side's evidence." *Eljer Mfg., Inc. v. Kowin Dev. Corp.*, 14 F.3d 1250, 1255 (7th Cir. 1994).

The record before the court shows that Guo, through her counsel, confirmed her acceptance of the arbitrators at the beginning of the proceedings. Guo was given the opportunity to present evidence in support of her claims in front of the Panel. At the conclusion of the arbitration proceedings, Guo, again through counsel, confirmed that she had received a full and fair opportunity to present her case. Based on these findings, it is clear that Guo was given a meaningful opportunity to be heard and the Panel provided a fundamentally fair hearing. A fundamentally fair hearing is one that "meets 'the minimal requirements of fairness'-adequate notice, a hearing on the evidence, and an impartial decision by the arbitrator." *Generica Ltd. v. Pharmaceutical Basics, Inc.*, 125 F.3d 1123, 1129-1130 (7th Cir. 1997) (internal citation omitted)). Accordingly, this court shall refuse to alter the Arbitration Award on the basis of petitioner's assertion that the Panel reached the wrong result from conflicting evidence.

*2.     There is No Evidence that the Panel held a Bias in Favor of CGMI*

Guo asserts that partiality towards CGMI was evident in that Chairperson Richard A. Berman rejected Guo's evidence, did not enforce the Panel's order for discovery requests, and disregarded the fact that CGMI forged Guo's NASD U4-Form Public Records and her assigned accounts data in violation of NASD rules. Guo's evidentiary concerns are addressed below.

A court may set aside an arbitration award where there is evident partiality in the arbitrators. 9 U.S.C. § 10(a)(2). The burden of proving evident partiality rests with Guo because she is the party asserting the claim. "Evident partiality" requires demonstration of more than a mere appearance of bias. *Health Services Management Corp. v. Hughes,* 975

3

F.2d 1253, 1264 (7th Cir.1992). "The interest or bias . . . must be direct, definite and capable of demonstration rather than remote, uncertain or speculative." *Tamari v. Bache Halsey Stuart Inc.*, 619 F.2d 1196, 1200 (7th Cir. 1980), *cert. denied*, 449 U.S. 873 (1980) (quoted in *Hayne, Miller & Farni, Inc. v. Flume*, 888 F. Supp. 949, 953 (E.D.Wis. 1995)). Thus, Guo must prove that a reasonable person would have to conclude that the arbitrators were partial to CGMI. *See Hayne*, 888 F. Supp. at 953.

The record is devoid of any evidence that would lead a reasonable person to conclude that the Panel was partial to CGMI in any way. To the contrary, at the conclusion of the hearing Ms. Guo, through her counsel, acknowledged that she had a full and fair opportunity to present her case.

### 3. *There is No Evidence that the Panel Refused to Hear Evidence Pertinent and Material to the Case*

Guo asserts that the arbitrators ignored evidence that she "complied with all the Rules," and that she was unable to find new employment despite her best efforts. In addition, as mentioned above, she takes issue with the fact that her counsel withdrew a document related to the disciplinary actions of another broker, that documents related to other CGMI employees were redacted in accordance with the Panel's order, and that CGMI submitted allegedly inaccurate account data and a falsified U-4 form.

The FAA authorizes vacating an award due to the arbitrators' refusal to hear evidence that is pertinent and material to the controversy. *Wise v. Wachovia Securities, LLC*, 450 F.3d 265, 268 (7th Cir. 2006). The Panel in the instant matter did not limit Guo's presentation of evidence during the hearing. In addition to presenting witnesses and having the opportunity for cross examination, the parties made closing arguments and were allowed to submit and did submit, Post Hearing Briefs and Reply Briefs prior to the Panel issuing the Award in favor of CGMI on March 7, 2007. In addition, the record shows that the evidentiary issues of which Guo complains were resolved at the hearing. The Supreme Court has noted that "[a]rbitrators are not bound by the rules of evidence." *Bernhardt v. Polygraphic Co.*, 350 U.S. 198, 203-04 n. 4 (1956). An "arbitrator is not bound to hear all of the evidence tendered by the parties . . . . [H]e must give each of the parties to the dispute an adequate opportunity to present its evidence and arguments." *Generica Ltd. v. Pharmaceutical Basics, Inc.*, 125 F.3d 1123, 1130 (7th Cir. 1997) (internal citation omitted). Guo had sufficient opportunity to raise her objections to the information produced by CGMI and respond to such information at the hearing and thus there is no merit to her claim that the panel refused to hear evidence material to the case.

### C.   Petition to Confirm Arbitration Award

Title 9, U.S.C. § 9 provides that a party to an arbitration proceeding may apply to have a United States district court enter judgment upon an arbitration award. "[U]pon proper application of a petition to confirm an award, a federal court must grant such an order unless the award is vacated, modified or corrected as prescribed in the FAA." *Holden v. Deloitte & Touche, LLP*, 390 F.Supp. 2d 752, 780 (N.D.Ill. 2005) (citation omitted). As explained above, the arbitration award in this case shall not be set aside and thus the award must be enforced through an entry of judgment upon the award.

### IV.  Conclusion

Guo's petition to vacate the arbitration award is **denied**, and CGMI's cross-petition to confirm the Arbitration Award is **granted**. Judgment upon the award shall now be entered.

**IT IS SO ORDERED.**


Date:  11/05/2007

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　LARRY J. McKINNEY, CHIEF JUDGE
　　　　　　　　　　　　　　　　　　　　United States District Court
　　　　　　　　　　　　　　　　　　　　Southern District of Indiana